# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 15-638V
Filed: November 17, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JANICE BERRY, | * | Not for Publication |
| | * | |
| Petitioner, | * | |
| v. | * | Attorney's Fees and Costs; |
| | * | Reasonable Amount Requested. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Gary Anderson*, Environmental Litigation Group, P.C., Birmingham, AL, for petitioner.
*Darryl Wishard*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On June 19, 2015, Janice Berry ("Ms. Berry" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"]. Petitioner alleged an influenza vaccine she received on September 30, 2014 led her to develop transverse myelitis. *See generally* Petition ("Pet."), ECF No. 1; Petitioner's Exhibit ("Pet. Ex.") 4. Petitioner and respondent stipulated to a settlement in this matter on October 24, 2016. Stipulation for Award ("Stipulation"), ECF No. 32. The undersigned issued a decision approving the settlement on October 24, 2016. Decision, ECF No. 33. Petitioner now seeks an award of attorney's fees and costs in the amount of $49,820.27, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorneys' Fees ("Motion for Fees"), ECF No. 38, at 6-7.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner filed a motion for attorneys' fees on October 31, 2016. Motion for Attorney's Fees ("Motion for Fees"), ECF No. 38. Petitioner requested attorneys' fees in the amount of $37,381.50[3] and costs in the amount of $12,438.77, for a total of $49,820.27. Motion for Fees at 6-7. ECF No. 38. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. *Id*. at 7.

Respondent filed a response to the petitioner's motion for fees on November 1, 2016. Response to Motion for Attorneys' Fees ("Response"), ECF No. 71. Respondent made no specific objections to the attorneys' hour or rates. She merely submitted a range of $28,000.00 to $38,500.00 as appropriate fees and costs in this matter. Petitioner did not file a reply.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $49, 820.27,[4] representing reimbursement for all attorneys' fees and costs available under § 15(e)(1), in the form of a check made payable jointly to petitioner, Janice Berry, and petitioner's counsel of record, Gary Anderson.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                <u>s/Mindy Michaels Roth</u>
                                                Mindy Michaels Roth
                                                Special Master

---

[3] I have made no determination as to counsel's hourly rate in this matter; I merely conclude that the total sums requested seem reasonable and appropriate.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).